William Bernarduci (WB 5785)
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut  06103
Tel.:  (860) 493-6292
Fax:   (860) 493-6290

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
| | |
|---|---|
| RICHARD SALTZMAN, individually and on behalf of all others similarly situated, : | **Case No. 04-CV-6195-RMB** |
| : | |
| Plaintiff, : | **MEMORANDUM OF LAW** |
| : | **IN SUPPORT OF MOTION** |
| v. : | **OF ZHENGXU HE** |
| : | **FOR APPOINTMENT AS LEAD** |
| : | **PLAINTIFF AND APPROVAL** |
| WORLD INFORMATION : | **OF CHOICE OF COUNSEL** |
| TECHNOLOGY, INC., FKA EZ TRAVEL, : | |
| INC., BECKSTEAD & WATTS, LLP, : | |
| EDWARD C. ZIMMERMAN, III, GARY : | |
| D. MORGAN, STEVEN FELLOWS, : | |
| HSUEH-CHU LIN, JUNG TSIH-HAO, : | |
| DAN Y. ZHAO, PARSH PATEL : | |
| Defendants. : | |
| : | |

---------------------------------------------------------x

```
--------------------------------------------------------x
ANGELA SOARES, individually and                         :
on behalf of all others similarly situated,             :    Case No. 04-CV-7938-UA
                                                        :
                    Plaintiff,                          :
                                                        :
v.                                                      :
                                                        :
                                                        :
WORLD INFORMATION                                       :
TECHNOLOGY, INC., FKA EZ TRAVEL,                        :
INC., BECKSTEAD & WATTS, LLP,                           :
EDWARD C. ZIMMERMAN, III, GARY                          :
D. MORGAN, STEVEN FELLOWS,                              :
HSUEH-CHU LIN, JUNG TSIH-HAO,                           :
DAN Y. ZHAO, PARSH PATEL                                :
                    Defendants.                         :
                                                        :
--------------------------------------------------------x
```

## I.   INTRODUCTION

Proposed Lead Plaintiff Zhengxu He ("He") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order (i) appointing Mr. He as Lead Plaintiff in this action on behalf of investors who purchased shares of World Information Technology ("World Information Technology") between January 3, 2003 and March 16, 2004, inclusive (the "Class Period") and (ii) approving Mr. He's selection of Schatz & Nobel, P.C. as Lead Counsel.

Mr. He's motion should be granted.  As is shown below, Mr. He's motion is timely as it is filed within 60 days of the first published notice of this class action litigation against Defendants.  Furthermore, Mr. He is the "most adequate plaintiff" within the meaning of 15

2

U.S.C. § 78u-4(a)(3)(B), and Mr. He has selected and retained legal counsel with substantial experience in handling securities class actions to serve as counsel.

II.     **SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS**

On August 26, 2004, Plaintiff Richard Saltzman filed a complaint on behalf of all persons who purchased securities of World Information Technology during the Class Period. By his Complaint, Plaintiff alleged, <u>inter alia</u>, that World Information Technology and certain of its officers and directors (collectively "Defendants") violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, by issuing materially false and misleading statements during the Class Period. Specifically, World Information Technology purported to be a leading "online, member-created, Internet community." Throughout the class period, the Company reported artificially inflated sales, accounts receivable and net income. Despite these violations, the Company's outside auditor, Beckstead & Watts, LLP ("B&W"), certified the Company's 2002 financial statements. In September 2003, B&W wrote to CEO Gary D. Morgan, questioning the validity of the Company's accounts receivable and noting problems with the Company's internal financial controls, but did not withdraw its audit report. In January 2004, B&W resigned as the Company's auditor, followed by CFO Steven D. Fellows who resigned in February 2004. On March 16, 2004, the Company announced that the Securities and Exchange Commission had temporarily suspended trading of the Company's securities due to the inaccuracy and incompleteness of the Company's financial statements.

III.    **HE SHOULD BE APPOINTED AS A LEAD PLAINTIFF**

    A.     **The Procedure for Appointment of Lead Plaintiff Under the PSLRA**

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in each private action arising under the Securities Exchange Act of 1934 (the "Act") that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  See 15 U.S.C. § 78u-4(a)(1).  Under the first step of this procedure, the plaintiff who files a putative class action under the Act must publish a notice advising members of the purported plaintiff class of the (i) pendency of the action, (ii) claims asserted therein, (iii) purported class period and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published.  See 15 U.S.C. §78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the Act defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  See 15 U.S.C. §78u-4(a)(3)(B)(i).  The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
> (aa)   has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  See Mitchell v. Complete Management, Inc., No. 99 Civ. 1454 (DAB), 1999 WL 728678, at *2 (S.D.N.Y. Sept. 17, 1999); Koppel v. 4987 Corp, 96 Civ. 7570

(RLC), 1999 WL 608783, at *8 (S.D.N.Y. Aug. 11, 1999).[1]

    B.    **The Notice Requirements Under The PSLRA Have Been Satisfied**

The notice requirements set forth in 15 U.S.C. §§78u-4(a)(3)(A)(i)(I) and (II) have been satisfied. On August 26, 2004, Richard Saltzman's counsel caused a notice to be published on Market Wire that advised purchasers of World Information Technology securities of (i) the pendency of a securities class action against defendants, (ii) the claims asserted, (iii) the purported class period in that litigation and (iv) the right of any member of the purported class to move the court to serve as lead plaintiff within the 60-day period (by October 25, 2004) (the "Notice").[2] Cf., Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-63 (D. Mass. 1996); In re Milestone Scientific Sec. Litig., 183 F.R.D. 404, 413 (D.N.J. 1998); In re Nice Systems Sec. Litig., 188 F.R.D. 206, 216 (D.N.J. 1999).

    C.    **Mr. He Has The Largest Financial Interest In The Relief Sought By The Class**

Mr. He has "the largest financial interest in the relief sought" by the Class within the

---

[1] The PSLRA provides that the:

> presumption [of the claimant with the largest loss being lead plaintiff] may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--
>
> (aa)    will not fairly and adequately protect the interests of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

[2] A copy of the Notice is attached as Exhibit B to the October 25, 2004 Declaration of William Bernarduci in Support of Motion of Zhengxu He for Appointment of Lead Plaintiff and for Approval of Choice of Counsel (the "Bernarduci Declaration").

meaning of 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).  According to the information provided in the Certification of Named Plaintiff submitted by Mr. He (Bernarduci Declaration, Exhibit A), Mr. He sustained an estimated recoverable loss of approximately $120,820 as a result of Defendants' fraud.[3]  Mr. He knows of no other class member who has sought to be Lead Plaintiff that possesses a larger financial interest.  Based on his significant losses, Mr. He will most effectively represent the interests of the Class.

### D. Mr. He Has Satisfied The Other Requirements Of The PSLRA

Mr. He has satisfied each of the other requirements of the PSLRA.  First, Mr. He has signed a certification, under oath, which:

(i) states that he has reviewed the Complaint;

(ii) states that he did not purchase his shares of World Information Technology at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;

(iii) states that he is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(iv) sets forth all of his transactions in the shares of World Information Technology during the Class Period;

(v) states that he has not sought to serve, nor has he served, as a representative party on behalf of a class in any private federal securities action; and

(vi) states that he will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery.

See 15 U.S.C. §§78u-4(a)(2)(A)(i)-(vi).  Mr. He has also satisfied the PSLRA by moving the

---

[3] Exhibit A to the Bernarduci Declaration shows that Mr. He purchased 39,600 shares of World Information Technology stock during the Class Period for a total price of $142,600.  Inputting a sale price of $.055 per share, the price of World Information Technology when trading resumed on March 30, 2004, Mr. He suffered losses of 120,820.

Court for appointment as lead plaintiff within sixty (60) days after the date on which the Notice was published.  See 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

Second, Mr. He satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  See 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) of the Federal Rules of Civil Procedure is satisfied for the purposes of this motion where (i) the claims of the proposed lead plaintiff are typical of the claims of the class of investors which they seek to represent and (ii) the proposed lead plaintiff will fairly and adequately protect the interests of the class of investors which he seeks to represent.[4]  "At this stage in the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."  In re Olsten Corp. Sec. Litig., 2 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Mr. He clearly satisfies the "typicality" and "adequacy" requirements under Rule 23(a).  The "typicality" requirement is established where the claims of the lead plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and lead plaintiff were injured by the same conduct.  Dietrich v. Bauer, 192 F.R.D. 119, 124 (S.D.N.Y. 2000) (citation omitted).  In this action, Mr. He's claims are typical of the claims of the Class.  Like all class members, Mr. He purchased shares of World Information Technology at prices that were

---

[4] Although there are two other requirements under Fed.R.Civ.P. 23(a) -- that the class be so numerous that joinder of all members is impracticable (Fed.R.Civ.P. 23(a)(1)) and that there be questions of law or fact common to the class (Fed.R.Civ.P. 23(a)(2)) --"[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  In re Oxford Health Plans, Inc. Securities Litigation, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

artificially inflated by Defendants' false and misleading representations, and contends that Defendants violated Sections 10(b) of the Act and SEC Rule 10b-5 promulgated thereunder. Accordingly, Mr. He's claims are typical of the claims of the class within the meaning of Rule 23(a)(3).

Mr. He will also fairly and adequately represent the interests of the class within the meaning of Federal Rule of Civil Procedure 23(a)(4). In this Circuit, "adequacy" is satisfied if the proposed lead plaintiff (i) does not have interests that are antagonistic to the class that he seeks to represent and (ii) has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent. Dietrich, 192 F.R.D. at 126 (citing Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 562 (2nd Cir. 1968); Dean v. Coughlin, 107 F.R.D. 331, 334 9S.D.N.Y. 1985)). In this case, the interests of Mr. He are clearly aligned with the interests of the class as Mr. He sustained his losses from purchases of shares of World Information Technology at artificially inflated prices.

Finally, Mr. He has already demonstrated that he will adequately represent the interests of the class by having obtained qualified and experienced counsel, and by submitting a Certification of Named Plaintiff to the Court indicating that he is willing to assume the responsibilities of a lead plaintiff and class representative.

E.   **The Court Should Approve Mr. He's Selection Of Lead Counsel**

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." See Statement of Managers – "The Private Securities Litigation Reform Act

of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily edition November 28, 1995).

The Court should approve Schatz & Nobel, P.C. as Mr. He's choice of Lead Counsel. Schatz & Nobel, P.C. has extensive experience in the area of securities class action litigation, as detailed in their firm resumes (Bernarduci Declaration, Exhibit C). Thus, the Court may be assured that the Class will receive the highest caliber of legal representation to vigorously advance their interests.

## IV.   CONCLUSION

For the foregoing reasons, Mr. He respectfully requests that this Court appoint him to serve as Lead Plaintiff on behalf of the class and approve his selection of Schatz & Nobel, P.C. as Lead Counsel.

Dated: October 25, 2004                            Respectfully submitted,

**SCHATZ & NOBEL, P.C.**

By: _____/s/_____
William Bernarduci (WB 5785)
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut  06103
Tel.: (860) 493-6292
Fax: (860) 493-6290

Of Counsel:
Andrew M. Schatz
Jeffrey S. Nobel
Nancy A. Kulesa
**SCHATZ & NOBEL, P.C.**
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut  06103
Tel.: (860) 493-6292
Fax: (860) 493-6290

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October 2004, I caused copies of the foregoing to be sent, by U.S. Mail, postage prepaid, to:

Kenneth J. Vianale
Julie Prag Vianale
Vianale & Vianale LLP
5355 Town Center Road, Suite 801
Boca Raton, FL 33486

Lee Scott Shalov
Shalov Stone & Bonner LLP
485 Seventh Avenue, Suite 1000
New York, NY 10018

David Avi Rosenfeld
Lerach, Coughlin, Stoia, Geller, Rudman &
Robbins, LLP
200 Broadhollow Road, Ste. 406
Melville, NY 11747

David R. Scott
Scott & Scott, LLC
P.O. Box 192
Colchester, CT 06415

/s/
_____
William Bernarduci